UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLUMBIA RIVERKEEPER,<br><br>                  Plaintiff,<br><br>  v.<br><br>CRUNCH PAK, LLC,<br><br>                  Defendant. | NO: 2:18-CV-387-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Proposed Stipulated Protective Order, ECF No. 19. Having reviewed the protective order proposed by the parties, and the remaining record, the Court finds good cause to grant the motion and enter the agreed-upon protective order.

Accordingly, **IT IS HEREBY ORDERED** that the parties' Stipulated Motion for Protective Order, **ECF No. 19**, is **GRANTED**. The protective order is set forth below:

    1. Plaintiff Columbia Riverkeeper and Defendant Crunch Pak, LLC and their respective counsel (collectively the "parties") have stipulated that

PROTECTIVE ORDER ~ 1

discovery in this action is likely to involve production of confidential, proprietary, or private information—including, but not limited to, confidential commercial and financial information—for which special protection may be warranted. This agreement does not confer blanket protection on all disclosures or responses to discovery. Instead, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. The procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal will be governed by applicable law.

2. As used in this order, the term "Confidential Material" means documents or information which contain proprietary technical or commercial or information designated as such by a party producing such information, and constituting trade secrets, confidential know-how, proprietary information, and the like, which relates to a product or products or a commercial operation used or proposed to be used, or which relates to or contains research or commercial information generated by said party, whether revealed during a deposition, in a document, in an interrogatory answer or otherwise, in connection with this litigation. This definition shall include,

but is not limited to, any and all documents or information relating to the financial operations or assets, or general financial status, of one of the parties.

3. Any document, any written statement, and any copy, excerpt, synopsis, summary or note pertaining to any such document or statement, or to any oral statement which contains confidential information, shall be bates stamped conspicuously with the word "CONFIDENTIAL" prior to production. A party producing "CONFIDENTIAL" documents will segregate the documents as to which confidentiality is claimed, provide a list of said documents, or otherwise "flag" the documents so that other parties are notified of the claims.

4. The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case

PROTECTIVE ORDER ~ 3

only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

6. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

   a. the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

   b. the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

   c. experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   d. the court, court personnel, and court reporters and their staff;

   e. copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the

party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

 f. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

 g. any mediator or other third party engaged by the Parties and who have signed the "Agreement to Be Bound by Protective Order"; or

 h. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or

whether a motion to seal or stipulation and proposed order is warranted. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any confidential material. A Party that seeks to file under seal any confidential material must comply with applicable law. If a Receiving Party's request to file confidential material under seal is denied by the court, then the Receiving Party may not file the information in the public record unless otherwise instructed by the court.

8. Each party or non-party that designates information or items for protection under this Stipulated Protective Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must use good faith efforts to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

9. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, the Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

10. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

PROTECTIVE ORDER ~ 7

1 manner. The parties must attempt to resolve any dispute regarding
2 confidential designations without court involvement. Any motion
3 regarding confidential designations or for a protective order must include a
4 certification, in the motion or in a declaration or affidavit, that the movant
5 has engaged in a good faith meet and confer conference with other affected
6 parties in an effort to resolve the dispute without court action. The
7 certification must list the date, manner, and participants to the conference.
8    12. If the parties cannot resolve a challenge without court intervention, the
9 Challenging Party may issue a written notice to the Designating Party
10 providing with specificity those materials as to which it still challenges the
11 confidential designation. Within 21 days of such notice, the Designating
12 Party may file and serve a motion to retain confidentiality under Local
13 Civil Rule 7. Each such motion must be accompanied by a competent
14 declaration affirming that the movant has complied with the meet and
15 confer requirements imposed in the preceding paragraph. Failure by the
16 Designating Party to make such a motion including the required
17 declaration within 21 days shall automatically waive the confidentiality
18 designation for each challenged designation. In addition, the Challenging
19 Party may file a motion challenging a confidentiality designation at any
20 time following conferral on the dispute, including a challenge to the
21 designation of a deposition transcript or any portions thereof. Any motion

brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation either in writing or by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

13. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound."

14. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

15. Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

/ / /

/ / /

/ / /

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 20, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge