FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLUMBIA RIVERKEEPER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CRUNCH PAK, LLC,<br><br>　　　　　　　Defendant. | NO: 2:18-CV-387-RMP<br><br>CONSENT DECREE |

## I.　　STIPULATIONS.

Defendant Crunch Pak, LLC ("Crunch Pak") owns and operates a fruit processing facility located at or near 300 Sunset Highway, Cashmere, Washington 98815 (referred to herein after as the "Facility").

Crunch Pak discharges stormwater runoff from the Facility under a permit issued by the Washington Department of Ecology ("Ecology") under National Pollutant Discharge Elimination System ("NPDES") Permit No. WAR008949 ("Permit").

CONSENT DECREE ~ 1

Plaintiff Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated October 4, 2018 and filed a complaint on December 18, 2018 under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Crunch Pak is in violation of certain terms and conditions of the Permit.

Riverkeeper's complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

Since receipt of the notice of intent to sue letter, Crunch Pak has invested significant efforts and resources in reducing its discharges of stormwater associated with industrial activity and in improving the quality of the discharges that remain. These efforts included retaining engineering consultants to assist Crunch Pak in a Level Three Correction Action that was completed under the requirements of the Permit. Crunch Pak's Level Three Corrective Action included additional treatment of industrial stormwater at the Facility, including rerouting stormwater from areas in the northern portion of the Facility to an onsite infiltration pond, and the purchase and installation of stormwater treatment systems (including an Aquip and two Zinc-B-Gone units by StormwaterRx) to treat industrial stormwater from southern portions of the Facility.

Crunch Pak and Riverkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action.

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Riverkeeper's notice of intent to sue letters and complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.

| COLUMBIA RIVERKEEPER | CRUNCH PAK, LLC |
|---|---|
| By: s/ Brett VandenHeuvel<br>Brett VandenHeuvel, Executive Director | By: s/ Mauro Felizia<br>Mauro Felizia, President |
| KAMPMEIER & KNUTSEN, PLLC | JEFFERS DANIELSON SONN & AYLWARD, PS |
| By: s/ Brian A. Knutsen<br>Brian A. Knutsen, WSBA No. 38806<br>Attorney for Columbia Riverkeeper | By: s/ Patrick Aylward<br>J. Patrick Aylward, WSBA No. 7212<br>Attorney for Crunch Pak, LLC |

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby **ORDERS, ADJUDGES**, and **DECREES** as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree and any injunctive relief ordered within applies solely to Crunch Pak's operation and oversight of the Facility that is subject to the Permit.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in Riverkeeper's notice of intent to sue letter and complaint and all other claims known or unknown existing as of the date of entry of this Consent Decree related to discharges of stormwater from the Facility that could be asserted under the CWA against Crunch Pak, its officers, directors, employees, shareholder, consultants, contractors, or agents. These claims are released and dismissed with prejudice.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations.

6. Crunch Pak agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

a. Crunch Pak shall fully comply with the terms and conditions of the Permit or any successor Permit authorizing discharges of stormwater from the Facility for such time as Crunch Pak is covered by such a Permit;

b. Within ninety (90) days of entry of this Consent Decree by the Court, Crunch Pak will revise its stormwater pollution prevention plan ("SWPPP") required under the Permit for the Facility. The revised SWPPP shall reflect the Zinc-B-Gone filter units that Crunch Pak has already installed to reduce levels of zinc contamination from roof runoff from the southern portion of the facility—the areas labeled Zone 9 and Zone 10 on the map attached hereto as Attachment A—prior to treatment of such runoff by the StormwaterRx Aquip system. Crunch Pak shall provide Riverkeeper a copy of the revised SWPPP upon its completion;

c. Upon entry of this Consent Decree by the Court and for a period of three (3) years Crunch Pak shall, no later than forty-five (45) days following each calendar quarter, send via e-mail to Riverkeeper copies of the following Permit-related documents that Crunch Pak has transmitted to, or received from, Ecology during the previous calendar quarter: (i) quarterly discharge monitoring reports (DMRs), (ii) annual reports, and (iii) engineering reports. Riverkeeper shall provide Crunch Pak's counsel the recipient e-mail address for such Permit-related documents no later than fourteen (14) days after entry of this Consent Decree and from time to time thereafter if such e-mail address changes.

7. In lieu of a penalty, Crunch Pak shall make a payment in the amount of one hundred and fifty thousand dollars ($150,000.00) to the Rose Foundation for Communities and the Environment for projects to improve the water quality of the Columbia River basin, with priority given by the Rose Foundation for Communities and the Environment to proposed projects that will benefit water quality of the Columbia River and its tributaries north of Wenatchee, Washington, including the Wenatchee River, the Entiat River, the Chelan River, the Methow River, and the Okanogan River. A letter from the Rose Foundation for Communities and the Environment agreeing to accept and distribute the funds according to the terms of this Consent Decree is attached hereto as Attachment B. Such payment shall be made within fourteen (14) days of entry of this Consent Decree by check payable and mailed to Rose Foundation for Communities and the Environment, 201 4th Street, Suite 102, Oakland, California 94607-4369, and shall bear the notation "Columbia Riverkeeper v. Crunch Pak, LLC Clean Water Act Settlement," with a copy provided to the Riverkeeper at that same time.

8. Within fourteen (14) days of entry of this Consent Decree, Crunch Pak shall pay Riverkeeper's litigation expenses and costs, including attorney and expert fees, in the amount of forty-five thousand, seven hundred dollars ($45,700.00) in full and complete satisfaction of any claims that Riverkeeper may have under the Clean Water Act for litigation expenses and costs, including attorney and expert fees. Such payments shall be made by check payable and mailed to Kampmeier & Knutsen,

PLLC, 221 S.E. 11th Avenue, Suite 217, Portland, Oregon 97214. Riverkeeper's above-signed counsel hereby certifies that the actual litigation expenses and costs, including attorney and expert fees, incurred in this matter equal or exceed forty-five thousand, seven hundred dollars.

9. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: (1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and (2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the Clean Water Act, 33 U.S.C. 1365(d).

10. This agreement shall take effect upon entry of the Consent Decree by the Court.

CONSENT DECREE ~ 7

11. The provisions of this Consent Decree shall terminate three years from the date of entry of the Consent Decree or upon compliance with the payment obligations in Paragraphs 7 and 8 of this Consent Decree, whichever is later.

12. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by (1) mailing via first-class mail, postage pre-paid or delivering the same by hand; *and* (2) sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that notices and communications shall not be deemed to have been given until three business days after mailing or hand delivery:

| For Columbia Riverkeeper: | For Crunch Pak, LLC: |
| --- | --- |
| Columbia Riverkeeper<br>c/o Simone Anter<br>407 Portway Ave., Ste. 301<br>Hood River, OR 97031<br>simone@columbiariverkeeper.org | Crunch Pak, LLC<br>c/o Steve McCutcheon<br>300 Sunset Highway<br>Cashmere, WA 98815<br>Steve.McCutcheon@crunchpak.com |
| Kampmeier & Knutsen, PLLC<br>c/o Brian Knutsen<br>221 S.E. 11th Ave., Ste. 217<br>Portland, OR 97214<br>brian@kampmeierknutsen.com | Jeffers Danielson Sonn & Aylward PS<br>J. Patrick Aylward<br>2600 Chester Kimm Road<br>Wenatchee, Washington 98807<br>PatA@jdsalaw.com<br>PeterS@jdsalaw.com<br>JacobK@jdsalaw.com |

13. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

14. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

15. If any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree, provided that such term, covenant, or condition does not materially change the benefits or burdens to be received or imposed on the Parties.

16. If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. The Parties recognize that, under 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act citizen suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

1    **IT IS SO ORDERED.**  The District Court Clerk is directed to enter this

2    Order and provide copies to counsel.

3    **DATED** January 7, 2020.

_____
ROSANNA MALOUF PETERSON
United States District Judge